UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | 88-cr-822 (SHS) |
| NATHANIEL SWEEPER | ORDER |
| Defendant. | |

SIDNEY H. STEIN, U.S. District Judge.

    Defendant Nathaniel Sweeper, now known as Shakur Jahad, pleaded guilty in 1989—almost 25 years ago—to participating in a racketeering enterprise in violation of 18 U.S.C. §§ 1961 and 1962(c) and conspiring to violate federal narcotics laws in violation of 21 U.S.C. § 846. (Docket Entry dated September 14, 1989.) Judge Miriam Goldman Cedarbaum subsequently sentenced him for participating in a racketeering enterprise to 20 years' imprisonment, to run consecutive to the New York state sentence he was then serving and 15 years' imprisonment for conspiring to violate federal narcotics law, to run concurrent to the sentence for participating in a racketeering enterprise.[1] (Dkt. No. 88 at 27.)

    On September 23, 2024, defendant filed a petition *pro se* "To be Resentenced as a First Time Offender" pursuant to 28 U.S.C. § 2255. (ECF No. 214.) In support of his petition, he writes as follows:

> New Case facts came out and gave me the RIGHT to APPEAL. Under the Fifth & Sixth Amendment facts which conclusively establish a hig[h]er Sentencing range for a convicted Criminal Offender must be found to have been proven beyond a reasonable doubt to a unanimous Jury, facts of prior conviction. Arbitrary Enforcement.

(*Id.* at 5-6.) In the balance of his petition, he makes it clear that he is referring to new case law, not new facts, since he also writes that "at the time of conviction, this case law

---

[1] Defendant had been sentenced in New York state court to 53-years' imprisonment for several crimes, including two murders. He is currently serving that sentence at Green Haven Correctional Facility. (Presentence Report at 10-11.)

1

was not out, it came out in 2024," (*Id.* at 5), and "appeal was 1990, this is new case law from 2024."

A search of case authority reveals that defendant is referring to *Erlinger v. United States*, 602 U.S. 821 (2024).[2] *Erlinger* held that the Fifth and Sixth Amendments entitle a defendant to have a jury unanimously decide beyond a reasonable doubt that his past offenses were "committed on occasions different from one another" before his sentence could be enhanced pursuant to the Armed Career Criminal Act, 18 U.S.C. § 924(e). 602 U.S. at 827; *see* 18 U.S.C. § 924(e)(1).

However, Sweeper was not sentenced under the Armed Career Criminal Act; as noted above, he was sentenced by Judge Cedarbaum for participating in a racketeering enterprise and conspiring to violate the federal narcotics laws, neither of which require that the underlying predicate crimes be "committed on occasions different from one another," or any analogous requirement. In short, *Erlinger* does not grant any new right applicable to defendant, even assuming it retroactively grants a new right to any defendant.

Even construing defendant's *pro se* motion liberally to raise the strongest possible arguments, defendant has not identified a predicate for altering his sentence under 28 U.S.C. § 2255. *See Boykin v. KeyCorp*, 521 F.3d 202, 213-14 (2d Cir. 2008) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Accordingly, defendant's motion pursuant to 28 U.S.C. § 2255 is denied.

Because defendant has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253(c)(2); *Lucidore v. N.Y. State Div. of Parole*, 209 F.3d 107, 111-13 (2d Cir. 2000). Pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that any appeal from this Order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438, 445-46 (1962).

---

[2] Indeed, *Erlinger* is the only case which defendant could viably refer to because it is the only case which cites to both the Fifth and Sixth Amendments of the United States constitution and which was published less than a year prior to defendant's motion. Were defendant referring to a case published more than one year before September 2023, his motion would be denied as untimely. *See* 28 U.S.C. § 2255(f).

The Clerk of Court is directed to mail a copy of this Order to the defendant as follows, Shakur Jahad a.k.a. Nathaniel Sweeper [84A3986], 594 Rt. 216, Stormville, NY 12582-0010.

Dated: New York, New York
March 4, 2025

SO ORDERED:

_____

Sidney H. Stein, U.S.D.J.

3